No. 20434.

GEORGE BIRCH, ET AL., *v.* ALLIED PAINT DIVISION, ET AL.

(394 P.2d 849)

Decided August 24, 1964.

Messrs. WILLIAM PEHR and J. EVERETT NEWMAN, for plaintiffs in error.

Mr. ROBERT H. SONHEIM, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

JACK LARKIN and Joan Larkin, plaintiffs in error, were defendants below and will be referred to as defendants or as the Larkins. Defendant in error was plaintiff below and will be referred to as Allied.

The record discloses that the Larkins, either individually or through a corporation controlled by them, operated a paint store in Longmont, Colorado, during the spring of 1960. One George Birch was employed as their foreman. During the early part of June, the Larkins and Birch negotiated for the sale of the business to Birch. Birch and the Larkins agreed that Birch was to pay any unpaid balances due upon merchandise and wherever creditors would refuse to substitute Birch for the Larkins as the debtor, the merchandise was to be returned and the balance, if any remained, was to be paid in cash and the account closed. Birch and the Larkins advised one Nackerud, the general manager of Allied, of their plan and asked him to substitute Birch as their debtor in place of the Larkins.

On June 16, 1960, inventory was taken and, according to Birch and the Larkins, the sale of the store was consummated. In any event, Birch took possession of the store and the bank account was transferred to his name.

Thereafter, Birch wrote Allied as follows:

"I have now purchased the United Paint Company from Larkin Drywall Company. I have accepted all obligations of the United Paint Company and will make arrangements to pay the amount due you as soon as possible.

"In the future all orders charged to the United Paint Company must be accompanied by a store purchase order number."

On June 28, 1960, Allied wrote the following letter to the defendants:

"This letter will release you of all paint purchases and other expense obligations to Allied Paint Mfg. Co. incurred under the registered name of United Paint Co. of 630 Main Street Longmont, Colorado prior to and after June 16, 1960."

On or shortly after July 18, 1960, Birch found that he could not get the financial backing which he expected and closed the business. Allied took back approximately $3000 worth of merchandise, and brought this action against the Larkins and Birch for the balance due on the account. Judgment was entered for Allied as against the Larkins and for Birch as against Allied, and the Larkins bring writ of error here.

The Larkins contend, among many other assignments of error, that the trial court erred in finding that there was no consideration for the release and that the court erred in holding that the release was conditional. We agree that the trial court erred in making such finding, and since this is dispositive of the case, we shall not discuss the other specifications of error.

 The letter from Birch to Allied advising them of his purchase of the store and agreeing to pay the obligations of the Larkins to Allied and the response to this letter by Allied in which they released the Larkins of their obligations to Allied constituted a binding novation. The promise of Birch to pay was the consideration for the release contained in Allied's letter. See *Restatement, Contracts,* Section 428, Comment b, where it is said:

"The creditor can effectively manifest agreement to the substitution either to the original debtor or to the third person. If the assent is manifested to the debtor, it amounts to a direct agreement with the debtor to discharge him in consideration of the substituted right offered by the agreement between the debtor and the third person. If the creditor's manifestation of agree-

ment is made to the third person it amounts to an agreement with the latter to discharge the original debtor in consideration of the new right. And since a creditor can discharge his debtor's duty by accepting as satisfaction a third person's promise or performance (see § 421), the original debtor is immediately discharged. Nor can the discharge be disclaimed by him, since by virtue of his contract with the third person he has already assented to have the debt discharged in that way."

The court, therefore, erred in holding that there was no consideration for the release.

■■ The court also erred in finding that the release was conditioned upon the ability of Birch to obtain financial assistance and that since such assistance did not materialize, the release was of no effect. It is true that Allied's manager testified that he was told that Birch would have a financial backer and that he investigated the financial responsibility of Birch's proposed backer. It may be that Allied's manager executed the release because he thought Birch would have a financially responsible backer, and that, in his mind, the release was conditioned upon Birch's obtaining such a backer; but the letter which he wrote clearly, unequivocally, unambiguously and without condition of any kind, released the Larkins from any liability on the accounts owed by them to Allied. It is axiomatic that the terms of such an agreement may not be varied by parol evidence.

The judgment is reversed.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.